IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LILY'S LLC,

        Plaintiff,

v.                                                   Civil Action No. 5:09CV122
                                                                       (STAMP)

MOTORISTS MUTUAL INSURANCE COMPANY,
DONALD T. WILD INSURANCE
and JAMES ARRITT,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND**

I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants contend that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, asserting a number of causes of action against each defendant, all relating to insurance issues and the failure to procure Employment Practices Liability Insurance ("EPLI") coverage for the plaintiff. Following removal of the action to this Court, the plaintiff filed a motion to remand to which the defendants responded, and the plaintiff did not reply. For the reasons set forth below, the plaintiff's motion to remand is denied.

II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise

original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

In its motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court disagrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins

v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount. Id.

Here, the plaintiff's cause of action arises out of an underlying civil action, Loew v. Lily's LLC, Civil Action No. 08-C-56, currently pending in the Circuit Court of Ohio County. In that case, Ms. Loew, a former employee of Lily's LLC ("Lily's"), has asserted causes of action for violation of the West Virginia Wage Payment and Collection Act, wrongful discharge, and the tort of outrage. As damages, the plaintiff seeks to recover from Lily's (1) unpaid damages; (2) damages recoverable under the Wage Payment and Collection Act, including liquidated damages, interest, costs, attorney's fees, expenses and fees; (3) past and future lost wages; (4) damages for pain and suffering, emotional distress, embarrassment, humiliation, aggravation and inconvenience; and (5) punitive damages.

Through the civil action before this Court, Lily's seeks from its insurer, Motorists Mutual Insurance Company ("Motorists Mutual"), a defense and indemnification for the claims asserted against it by Ms. Loew in the underlying action before the Circuit Court of Ohio County. Specifically, the plaintiff contends that the business owner's liability policy issued by Motorists Mutual should have contained EPLI obligating Motorists to provide it with

3

a defense and indemnification in the underlying state matter. Because the Motorists' policy does not provide a defense and insurance coverage for the claims in the underlying action, Lily's initiated this lawsuit alleging that the defendants acted willfully, wantonly, recklessly, and maliciously, and further committed fraud in depriving the plaintiff of insurance coverage. The plaintiff seeks a finding by this Court that it is entitled to insurance coverage for the claims asserted against it in Loew v. Lily's LLC, indemnification, punitive damages, damages for distress, annoyance, inconvenience, aggravation, and other consequential damages, as well as attorney's fees and costs.

This Court finds that the defendants have shown by a preponderance of evidence that the amount in controversy meets the jurisdictional requirements. "The starting point for ascertaining the amount in controversy when the petition for removal was filed is . . . the complaint itself." Sayre v. Potts, 32 F. Supp. 2d 881, 887 (S.D. W. Va. 1999). When a complaint is filed without an obvious amount in controversy, the court can look to evidence available at the time of removal to fill in the missing amount. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). The court can also use its "common sense" to determine an amount for jurisdictional purposes. Mullins, 861 F. Supp. at 24. In addition, the removing party can use the plaintiff's causes of action to show that the amount in controversy is more likely than not in excess of $75,000.00. Id.

While the plaintiff does not request a specific amount of damages, this Court, applying a "common sense" analysis, finds that the amount in controversy exceeds the $75,000.00 minimum requirement. In the underlying state action, the plaintiff itemized her damages as follows:

> (a) Unpaid overtime wages and benefits plus statutory liquidated damage and interest, between $44,217.29 and $65,169.65 (the range reflects the fact that the plaintiff averaged between 15 and 25 hours per week in unpaid overtime).
>
> (b) Plaintiff's future lost wages and benefits – approximately $804,540.
>
> (c) Attorneys fees and costs (which continue to accrue, but as of 11/30/08) – approximately $93,638.
>
> (d) Plaintiff is also entitled to damages for aggravation, inconvenience, humiliation, harassment, emotional distress, and punitive damages.

(Resp. to Mot. to Remand, Ex. A, at 8.) Of course, as stated above, Ms. Loew claims she is also entitled to recover damages for aggravation, inconvenience, humiliation, harassment, emotional distress, and punitive damages. In that the plaintiff seeks indemnification from the defendants for any amount that it may be required to pay Ms. Loew in the underlying state action, and those alleged damages total in excess of $900,000.00, the defendants have demonstrated by a preponderance of the evidence that the plaintiff's claim is greater than $75,000.00, exclusive of interests and costs.

## IV. Conclusion

For the reasons stated above, this Court concludes that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Accordingly, the plaintiff's motion to remand is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    January 12, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
